IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROSA HAMPTON, Individually, and As Administrator of the Estate of MAURICE HAMPTON, and On Behalf of The Minor Children of The ESTATE OF MAURICE HAMPTON, <br><br> Plaintiffs, <br><br> V. <br><br> THOMAS ATZERT JR., Individually, and In His Capacity as a City of Atlanta Police Officer, and the CITY OF ATLANTA, Georgia, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION FILE <br> ) NO. 1:13-CV-00584-TWT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CITY DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW, Defendants Thomas Atzert, Jr. (individually and in his official capacity as an officer for the Atlanta Police Department) and the City of Atlanta, Georgia (hereby "City Defendants") and file their Answer to Plaintiff's Complaint in the above-referenced matter. City Defendants now file their answer and affirmative defenses as follows:

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

City Defendants assert that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

City Defendants assert that they took no action to deprive Plaintiff of any right, privilege, freedom or immunity secured by the Constitution and laws of the United States of America, the Constitution and laws of the State of Georgia, or the Charter and Code of Ordinances of the City of Atlanta.

### THIRD AFFIRMATIVE DEFENSE

City Defendants assert that they engaged in no custom, policy, pattern or practice that gave rise to a violation of Plaintiff's constitutional or statutory rights.

### FOURTH AFFIRMATIVE DEFENSE

Defendant City of Atlanta is not liable for the *ultra vires* acts of its officers and employees.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against City Defendants are barred by the doctrine of sovereign and/or governmental immunity.  City Defendants are entitled to sovereign and/or governmental immunity from Plaintiff's state law claims pursuant

to O.C.G.A.§§ 36-33-1 and 36-33-3. City Defendants have not waived such immunity/immunities.

### SIXTH AFFIRMATIVE DEFENSE

Insofar as Plaintiff has been affected by the conduct of the City Defendants, said Defendants' actions were reasonable, proper, and necessary under the circumstances and were taken in the good faith exercise of their duties and responsibilities imposed by law.

### SEVENTH AFFIRMATIVE DEFENSE

City Defendants are not liable for punitive damages, nor are any such damages warranted in this case.

### EIGHTH AFFIRMATIVE DEFENSE

Any injury to Plaintiff resulted from Plaintiff's own acts.

### NINTH AFFIRMATIVE DEFENSE

Any injury to Plaintiff was not proximately caused by the conduct of City Defendants.

### TENTH AFFIRMATIVE DEFENSE

Defendant City of Atlanta is not liable under the theory of *respondeat superior* for the acts and/or omissions of its employees, officers or agents.

### ELEVENTH AFFIRMATIVE DEFENSE

City Defendants are entitled to qualified immunity from Plaintiff's claims.

TWELFTH AFFIRMATIVE DEFENSE

City Defendants are entitled to official immunity from Plaintiff's state law claims.

INTRODUCTION

1.

City Defendants state that paragraph 1 contains a legal statement that requires no response by City Defendants.  To the extent that the legal recitations contained in paragraph 1 are intended to impute or imply liability against City Defendants, it is denied.

JURISDICTION AND VENUE

2.

City Defendants state that paragraph 2 contains a legal statement that requires no response by City Defendants.  To the extent that the legal recitations contained in paragraph 2 are intended to impute or imply liability against City Defendants, it is denied.

3.

City Defendants state that paragraph 3 contains a legal statement that requires no response by City Defendants.  To the extent that the legal recitations contained in paragraph 3 are intended to impute or imply liability against City Defendants, it is denied.

## PARTIES

4.

City Defendants are without sufficient knowledge to form a belief as to allegations set forth in Paragraph 4, and thereby denies same.

5.

City Defendants admit that Thomas Atzert, Jr. was a police officer employed by the City of Atlanta Police Department at all times relevant herein. All remaining allegations of this paragraph are denied.

6.

City Defendants admit the allegations contained in paragraph 6.

7.

City Defendants are without sufficient knowledge to form a belief as to allegations set forth in Paragraph 7, and thereby denies same.

## FACTS

8.

City Defendants admit the allegations contained in paragraph 8.

9.

City Defendants admit the allegations contained in paragraph 9.

10.

City Defendants admit the allegations contained in paragraph 10.

11.

City Defendants are without sufficient knowledge to form a belief as to allegations set forth in Paragraph 11, and thereby denies same.

12.

City Defendants admit the allegations contained in paragraph 12.

13.

City Defendants admit the allegations contained in paragraph 13.

14.

City Defendants admit the allegations contained in paragraph 14.

15.

City Defendants admit the allegations contained in paragraph 15.

16.

City Defendants admit the allegations contained in paragraph 16.

17.

City Defendants admit the allegations contained in paragraph 17.

18.

City Defendants deny the allegations contained in paragraph 18.

19.

City Defendants deny the allegations contained in paragraph 19.

20.

City Defendants deny the allegations contained in paragraph 20.

21.

City Defendants deny the allegations contained in paragraph 21.

22.

City Defendants admit the allegations contained in paragraph 22.

23.

City Defendants deny the allegations contained in paragraph 23.

24.

City Defendants deny the allegations contained in paragraph 24.

25.

City Defendants deny the allegations contained in paragraph 25.

26.

City Defendants admit the allegations contained in paragraph 26.

27.

City Defendants deny the allegations contained in paragraph 27.

28.

City Defendants deny the allegations contained in paragraph 28.

29.

City Defendants deny the allegations contained in paragraph 29.

30.

City Defendants deny the allegations contained in paragraph 30.

31.

City Defendants deny the allegations contained in paragraph 31.

**THEORIES OF RECOVERY**

32.

City Defendants deny the allegations contained in paragraph 32.

33.

City Defendants deny the allegations contained in paragraph 33.

34.

City Defendants deny the allegations contained in paragraph 34.

35.

City Defendants deny the allegations contained in paragraph 35.

36.

City Defendants deny the allegations contained in paragraph 36.

37.

City Defendants deny the allegations contained in paragraph 37.

38.

City Defendants deny the allegations contained in paragraph 38.

39.

City Defendants deny the allegations contained in paragraph 39.

**DAMAGES**

40.

City Defendants deny the allegations contained in paragraph 40.

41.

City Defendants deny the allegations contained in paragraph 41.

42.

City Defendants deny the allegations contained in paragraph 42.

43.

City Defendants deny the allegations contained in paragraph 43.

**WHEREFORE,** any other allegation contained in Plaintiff's Complaint and any subparagraph or subpart, whether numbered or unnumbered, which is not specifically responded to in this Answer, is specifically denied by City Defendants. City Defendants deny that they are liable to Plaintiff in any manner or that Plaintiff is entitled to any relief whatsoever.

**WHEREFORE**, having answered Plaintiff's Complaint, City Defendants respectfully request:

a. that all of Plaintiff's prayers for relief be denied;

b. that the action against City Defendants be dismissed;

c. that all costs incurred by City Defendants to defend this action be cast upon the Plaintiff; and

d. any such other relief as the Court deems proper.

## **CERTIFICATION**

Counsel for Defendant certifies that this pleading has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

Respectfully submitted this 27th day of March, 2013.

                                        s/*LaShawn W. Terry*
                                        ROBERT N. GODFREY
                                        Chief Counsel
                                        Georgia Bar No. 298550
                                        LASHAWN W. TERRY
                                        Sr. Assistant City Attorney
                                        Georgia Bar No. 702578

                                        Attorneys for City Defendants

City of Atlanta Law Department
68 Mitchell Street, SW, Suite 4100
Atlanta, GA 30303
(404) 330-6947 (Office)
(404) 546-9535 (Fax)
lterry@atlantaga.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROSA HAMPTON, Individually, and As Administrator of the Estate of MAURICE HAMPTON, and On Behalf of The Minor Children of The ESTATE OF MAURICE HAMPTON,<br><br>    Plaintiffs,<br><br>V.<br><br>THOMAS ATZERT JR., Individually, and In His Capacity as a City of Atlanta Police Officer, and the CITY OF ATLANTA, Georgia,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION FILE<br>) NO. 1:13-CV-00584-TWT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on March 27, 2013, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

                                               s//*LaShawn W. Terry*
                                               LASHAWN W. TERRY
                                               Senior Assistant City Attorney
                                               Georgia Bar No. 702578

City of Atlanta Law Department
Suite 4100, 68 Mitchell Street, S.W.
Atlanta, Georgia  30303-3520
(404) 330-6838 (telephone)
(404) 546-9535 (facsimile)
lterry@atlantaga.gov